IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**GEORGE MCGHEE, JR.**                                                                                 **PLAINTIFF**

**VS.**                                                                        **CIVIL ACTION NO. 4:06CV10LS**

**SHERIFF TIM PERKINS, RAY LOFTON,**
**TOMMY LEE and UNKNOWN TAYLOR**                                          **DEFENDANTS**

**ORDER**

This matter came before the court on a review of the file, which revealed that the Plaintiff has, on no fewer than three occasions, filed a Complaint challenging the conditions of his confinement that was dismissed as frivolous. That being the case, the Plaintiff should not have been granted leave to proceed *in forma pauperis*, and permission to proceed without the prepayment of fees is hereby revoked. 28 U.S.C. § 1915(g). Furthermore, because the Plaintiff will have to pay a filing fee before he can proceed with this action, the Omnibus Hearing scheduled for July 17, 2006, is hereby canceled, and the writ of *habeas corpus ad testificandum* issued to procure his presence at that hearing is rescinded. A copy of this Order will be sent to the Warden of the East Mississippi Correctional Facility, where the Plaintiff is incarcerated.

It further appears to the court that the Plaintiff has not alleged any injury as the result of his claim, which contends that he attempted to commit suicide by placing a plastic bag over his head and was not taken for medical treatment thereafter. The Plaintiff will, therefore, be required to amend his Complaint to state how he was injured. It also does not appear that the Plaintiff has initiated any complaint under the Administrative Remedies Program, which is a prerequisite to filing suit. The failure may be the result of the Plaintiff's initiating this case on a complaint form used for filing a petition for writ of habeas corpus, rather than for filing a prisoner complaint pursuant to 42 U.S.C.

§ 1983.  In any event, McGhee will be required to state in his Amended Complaint whether he has initiated a claim under the Administrative Remedies Program, and, if so, the status of that claim.

IT IS, THEREFORE, ORDERED, as follows:

1. The Plaintiff's *in forma pauperis* status is revoked pursuant to 28 U.S.C. § 1915 (g).

2. The writ of *habeas corpus ad testificandum* issued for the Plaintiff's attendance at an Omnibus Hearing on July 17, 2006, is hereby rescinded.

3. The Plaintiff has twenty (20) days from the date of this Order to pay the Clerk of Court the amount of $250.00, which was the filing fee in effect at the time he was granted *in forma pauperis* status.

4. That the Plaintiff has until August 31, 2006, within which to file an Amended Complaint that includes a statement of his injuries and the status of any grievance that he has submitted to EMCF pursuant to the Administrative Remedies Program.

IT IS SO ORDERED, this the 14th day of July, 2006.

                                                S/James C. Sumner
                                       UNITED STATES MAGISTRATE JUDGE